The following constitutes
the order of the court. Signed June 2, 2016

*M. Elaine Hammond*
_____
**M. Elaine Hammond**
**U.S. Bankruptcy Judge**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF CALIFORNIA

In re

EUGENE EDWARD VICK,

                 Debtor.

)  Case No. 16-50401 MEH
)
)  Chapter 13
)
)
)  Date:  05/27/16
)  Time:  1:00 p.m.
)  Ctrm:  3020
)
)

## ORDER RE POST-TRIAL BRIEFING

The above-captioned matter came on for evidentiary hearing on May 27, 2016 at 1:00 p.m. in Courtroom 3020 on debtor's Amended Motion for Order Confirming Proposed Chapter 13 Plan. James Shulman appeared on behalf of debtor.

Based on the arguments of counsel, and good cause appearing, post-trial briefing is requested to address legal issues raised by the proposed Additional Provisions. *Each of your positions should be supported by statutes, rules, and/or controlling case law, including any adverse authority*. The issues to be addressed are:

1. Debtor's plan provides for an estimated length. How is this consistent with § 1322(a)(1) (committing income to execute plan), § 1322(a)(2) (calculation of full payment to priority claims), § 1322(d)(2) (specifying maximum plan length), and § 1329 (modification of plan to extend or reduce the time for payments), and fair notice requirements to creditors?

1

UNITED STATES BANKRUPTCY COURT
for the Northern District of California

2. Does Debtor's failure to specify a plan length violate In re Flores, 735 F.3d 855 (9th Cir. 2013), which presupposes that Debtor's plan will have a specific length to which the trustee or a creditor may object, and which requires plans operate for their required durations regardless of disposable income?

3. Does Debtor's use of an estimated plan length authorize the early termination of a plan without a motion to modify?

4. Does early termination of a chapter 13 plan without a motion and compliance with court rules violate the law of the Ninth Circuit? See In re Anderson, 21 F.3d 355 (9th Cir. 1994); In re Mattson, 468 B.R. 361; In re Schiffman, 338 B.R. 422 (Bankr. D. Or. 2006).

5. If the additional provision Sec. 5.03.b. is approved, is it your position that if the plan is projected to provide a 0% distribution to general unsecured creditors that the chapter 13 trustee will be prohibited from disbursing on allowed general unsecured claims?

6. Does notice that a plan is anticipated to run 60 months and provide a 0% return to general unsecured creditors, provide adequate notice that the plan may be completed in a shorter period without notice to creditors of the early termination or a request for modification?

7. Sec. 4.03 addresses United Student Aid Funds, Inc. v. Espinosa, 553 F.3d 1193 (2010), by providing that the "Debtor does not seek through the confirmation and completion of this plan either a determination of the dischargeability of any debt or the discharge of any debt that is non-dischargeable as a matter of law in a Chapter 13 case under 11 U.S.C. § 1328." Please provide an example of a factual scenario in which the reference to § 1328, as opposed to § 1328(a), would limit Debtor's right to a discharge as a matter of law, as opposed to a matter of fact.

8. The Chapter 13 form plan used in the San Francisco Division of this District has incorporated similar language to Sec. 4.03 since at least January 1, 2009. Are you

aware of any instances in which the reference to § 1328 has been interpreted to restrict a debtor's discharge pursuant to § 1328(a)?

Debtor's post-trial brief is due by July 15, 2016.

**END OF ORDER**

**COURT SERVICE LIST**

Via ECF:

All ECF Recipients